1  McGREGOR W. SCOTT
   United States Attorney
2  MARY L. GRAD
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2763


FILED
JUN - 6 2005
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

IN RE: APPLICATION FOR      )
PEN REGISTER, TRAP AND      )
TRACE DEVICE, CALLER        )     SW- 05-0131 PAN
IDENTIFICATION SERVICE,     )     O R D E R
AND CELL SITE, BILLING,     )
AIR TIME, AND SUBSCRIBER    )
INFORMATION                 )     UNDER SEAL
                            )
_____)

This matter has come before the Court pursuant to an Application under Title 18, United States Code, Sections 3122 and 2703 by Mary L. Grad, an attorney of the United States Department of Justice. The Application requests an order authorizing the installation and use of a pen register device(s), trap and trace device(s), dialed number interceptor(s), number search device(s), and caller identification feature, and cell site, billing and subscriber information corresponding to the cellular telephone(s) currently identified by telephone number **(209) 518-5587, ESN 2D6FBE0A;** or to any cellular telephone subsequently assigned to an instrument bearing the same ESN as the subject telephone number(s), or any changed ESN subsequently assigned to the same telephone number as the subject telephone number(s), and directing Sprint Spectrum, Metro PCS, Cingular

1 | Wireless, Verizon Wireless, AT&T Wireless services, GTE Wireless
2 | Inc., VIA Wireless Services, Nextel Communications, Pacific Bell
3 | Telephone Company, SBC Communication, AT&T, GTE, U.S. Sprint,
4 | MCI, Citizens Utilities, and any other involved telephone
5 | company, to disclose certain related subscriber, billing, cell
6 | site, and toll call information.
7 |     The Court finds that the applicant has certified and
8 | provided specific and articulable facts showing that there are
9 | reasonable grounds to believe that the cell site and other
10 | information sought is relevant and material to an ongoing
11 | criminal investigation. to wit, that: the DEA and other federal,
12 | state and local law enforcement agencies are conducting a
13 | criminal investigation of Gilberto Beltran and others in
14 | connection with possible violations of Title 21, United States
15 | Code, Sections 841(a)(1) and 846, Conspiracy to Distribute
16 | Methamphetamine; that agents believe that cellular telephone
17 | number **(209) 518-5587, ESN 2D6FBE0A**, is being used in furtherance
18 | of the subject offense; and that the information likely to be
19 | obtained from the pen register and trap and number search device
20 | is relevant to the ongoing criminal investigation.
21 |     The Court further finds that the government has made a
22 | showing that there is reason to believe that notification or
23 | disclosure by Sprint Spectrum, Metro PCS, Cingular Wireless,
24 | Verizon Wireless, AT&T Wireless services, GTE Wireless Inc., VIA
25 | Wireless Services, Nextel Communication, Pacific Bell Telephone
26 | Company, SBC Communication, AT&T, GTE, U.S. Sprint, MCI, Citizens
27 | Utilities, and any other involved telephone company, of the
28 | existence of the investigation, the existence of the pen register

device, trap and trace device, dialed number interceptor, number search device, and caller identification feature, or the request for, cell site, subscriber, billing, and other relevant information will (1) endanger the life or safety of government agents or confidential sources; (2) cause the subjects to flee to avoid prosecution; or (3) seriously jeopardize the investigation in that the suspects will stop using their telephones, begin using pay telephones, or move their illegal operations elsewhere.

In addition, the Court finds that the DEA does not currently possess or have reasonably available to it the technology to prevent the recording of numbers dialed as numerical codes or messages by the pen register.

The Court also finds that good cause exists for permitting the DEA to obtain information from the trap and trace device, dialed number interceptor, number search device, and caller identification feature, and cell site information, whether the calls originate in the United States or a foreign nation.

IT APPEARING that the numbers dialed or pulsed to or from telephone number (209) 518-5587, ESN 2D6FBE0A; and any other cellular telephone numbers subsequently assigned to an instrument bearing the same ESN as the subject telephone number, or any changed ESN subsequently assigned to the same telephone number as the subject telephone number, are relevant to an ongoing criminal investigation of the specified offenses, THE FOLLOWING IS HEREBY ORDERED:

1. Pursuant to Title 18, United States Code, Section 3123, agents of the DEA may install and use a pen register to register numbers dialed or pulsed to or from telephone number (209) 518-

1  5587, ESN 2D6FBE0A; to record the date and time of such dialings
2  or pulsings, and to record the length of time of such dialings or
3  pulsings, and to record the length of time the telephone receiver
4  in question is off the hook for incoming or outgoing calls for a
5  period of sixty (60) days from the date of this Court's order,
6  and that this authorization applies not only to the target
7  telephone number listed above, but to any changed cellular
8  telephone numbers subsequently assigned to the same ESN utilized
9  by the target telephone within the sixty (60) day period.
10      2.   Pursuant to Title 18, United States Code, Sections 3123
11 and 2703(d), Sprint Spectrum shall install, program, and/or use
12 equipment in order to trap, trace, and identify the telephone
13 numbers of the incoming calls to telephone number **(209) 518-5587,**
14 **ESN 2D6FBE0A,** or any other cellular telephone numbers
15 subsequently assigned to an instrument bearing the same ESN as
16 the subject telephone number(s), or any changed ESN subsequently
17 assigned to the same telephone number as the subject telephone
18 number(s), and provide the name and address and subscriber of
19 record, whether published or unpublished, of each identified
20 incoming call and where possible, provide the time and duration
21 of each call, and continue the operation of such trap and number
22 search activity for a period not to exceed sixty (60) days from
23 the date of this Court's Order.  Sprint Spectrum will satisfy the
24 requirements of this portion of the Order by providing said
25 subscriber information (credit information, billing information,
26 long distance carrier, and any other telephone number subscribed
27 to by the same subscriber for each numerically different
28 telephone number called to or called from) only once for each

1  number and is not required to produce subscriber information on
2  each telephone call. The use of the trap(s) and number search
3  device(s) shall not be limited to calls originating in
4  California, but only to the extent that such request does not
5  impose additional burdens on Sprint Spectrum; if such geographic
6  limitations is unduly burdensome, the use of the trap and number
7  search device(s) may be international in scope.
8       3.   Pursuant to Title 18, United States Code, Sections 3123
9  and 2703(d), that Sprint Spectrum shall examine cellular
10 telephone number **(209) 518-5587, ESN 2D6FBE0A**, and determine if
11 it is equipped with the Caller Identification feature as is
12 supplied to some retail customers. If said telephone line is not
13 equipped with the Caller Identification feature but the equipment
14 for said feature is available, Sprint Spectrum is directed to add
15 to the existing service the Caller Identification feature with no
16 record of said feature going to the subscriber(s). Sprint
17 Spectrum shall be compensated by the government for any
18 additional expenses for installing the Caller Identification
19 feature, and Sprint Spectrum' use of the Caller Identification
20 feature will serve as a substitute for the use of a trap and
21 number search device. Sprint Spectrum shall take all necessary
22 precautions to ensure that the addition of said feature, or any
23 activity relating to said feature, shall not be reflected on the
24 customer's bill or in any other way be disclosed.
25      4.   Pursuant to Title 18, United States Code, Section
26 3123(b)(2), Sprint Spectrum shall furnish DEA agents forthwith
27 all information, facilities, and technical assistance necessary
28 to accomplish the installation and use of the pen register

1  device(s), trap and trace device(s), dialed number
2  interceptor(s), number search device(s), and caller
3  identification feature unobtrusively and with minimum
4  interference with the services that are accorded persons with
5  respect to whom the installation and use is to take place.
6       5.   Sprint Spectrum shall furnish the investigating agents
7  the telephone numbers associated with any speed dialing codes
8  dialed or pulsed from cellular telephone number **(209) 518-5587,**
9  **ESN 2D6FBE0A,** or any other cellular telephone numbers
10 subsequently assigned to an instrument bearing the same ESN as
11 the subject telephone number(s), or any changed ESN subsequently
12 assigned to the same telephone number as the subject telephone
13 number(s).
14      6.   Sprint Spectrum shall provide DEA agents with cell site
15 information for cellular telephone number **(209) 518-5587, ESN**
16 **2D6FBE0A,** or any other telephone numbers subsequently assigned to
17 an instrument bearing the same ESN as the subject telephone
18 number(s), or any changed ESN subsequently assigned to the same
19 telephone number as the subject telephone number(s), on a
20 continuing basis for sixty (60) days from the date of this
21 Court's order.
22      7.   Pursuant to Title 18, United States Code 2703 (d),
23 Sprint Spectrum shall furnish Special Agent Gary Cummings or any
24 agent of the DEA with notice of any change in service involving
25 telephone number **(209) 518-5587, ESN 2D6FBE0A;** all billing
26 records, toll records, credit cards bills, and call forwarding
27 information for telephone number **(209) 518-5587, ESN 2D6FBE0A,** on
28 a continuing basis for a period of sixty (60) days from the date

-6-

1  of this Court's Order.

2      8.  Pursuant to Title 18, United States Code, Section 2703
3  (d), Sprint Spectrum, Metro PCS, Cingular Wireless, Verizon
4  Wireless, AT&T Wireless Services, GTE Wireless Inc., VIA Wireless
5  Services, Nextel Communication, Pacific Bell Telephone Company,
6  SBC Communication, AT&T, GTE, U.S. Sprint, MCI, Citizens
7  Utilities, and any other involved telephone companies shall
8  furnish DEA agents with subscriber information for all telephone
9  numbers dialed or pulsed to or from telephone number **(209) 518-**
10 **5587, ESN 2D6FBE0A,** as recorded by the pen register device, and
11 for all telephone numbers placing calls to telephone number **(209)**
12 **518-5587, ESN 2D6FBE0A,** as recorded by the trap and number search
13 devices or the Caller Identification feature for a period of
14 sixty (60) days from the date of this Court's Order.

15     9.  Authorizing Sprint Spectrum to provide facilities on its
16 network that will allow interception of this subject across local
17 access and transport areas, i.e. "L.A.T.A." boundaries;

18     10. Sprint Spectrum shall be compensated by the government
19 for reasonable expenses incurred in providing facilities and
20 technical assistance in connection with the pen register device,
21 trap and trace device, dialed number interceptor, number search
22 device, and caller identification feature.

23     11. Pursuant to Title 18, United States Code, Sections 3123
24 (d) and 2705 (b), this Order and the Application shall be sealed
25 until otherwise ordered by the Court, and Sprint Spectrum, Metro
26 PCS, Cingular Wireless, Verizon Wireless, AT&T Wireless services,
27 GTE Wireless Inc., VIA Wireless Services, Nextel Communication,
28 Pacific Bell Telephone Company, SBC Communication, AT&T, GTE,

1 | U.S. Sprint, MCI, Citizens Utilities, and any other involved
2 | telephone company, shall not disclose the existence of the
3 | investigation, the existence of the pen register device(s), trap
4 | and trace device(s), dialed number interceptor(s), number search
5 | device(s), and caller identification feature, or the request for
6 | subscriber, billing, and other relevant information to the listed
7 | subscribers, or to any other person, unless or until otherwise
8 | ordered by the Court.

9 | **SO ORDERED.**

11 | DATED: _____JUN 0 6 2005_____

PETER A. NOWINSKI
UNITED STATES MAGISTRATE JUDGE